UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEO MINCY,

    Petitioner,

v.    Case No.: 8:10-CV-34-T-17-MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

THIS cause is before the Court on Petitioner Mincy's pro se 28 U.S.C. §2254 petition for writ of habeas corpus (Doc. 1) and Respondent's response thereto. (Doc. 14). Although given an opportunity to reply to Respondent's response within thirty days, Mincy has not done so. Because the petition is time-barred, and because Mincy's claim has no merit, the petition must be **DENIED**.

## PROCEDURAL HISTORY

On December 12, 2003, the State filed an Information charging Mincy with one count of lewd or lascivious battery on a child over twelve years of age but less than sixteen years of age, a second degree felony. (Exhibit 1).[1] On June 16, 2004, Mincy appeared before the Honorable Barbara Fleischer, Thirteenth Judicial Circuit Judge, to enter a plea of guilty to the lesser charge of child abuse, a third degree felony, pursuant to a plea agreement with the Office of the State Attorney. (Exhibit 4). Under the plea agreement, the court sentenced Mincy to two years of

---

[1] Criminal Case No. 03-22020

1

community control followed by three years of probation. *Id.* Mincy signed a Uniform Plea, Acknowledgment and Waiver of Rights Form that designated him as a habitual felony offender. (Exhibit 3). Mincy did not pursue an appeal of the judgment or sentence.

*Revocation of Community Control and Sentencing*

While on community control supervision, Mincy left his approved residence without permission, failed to report to the probation office, and committed several drug offenses many of which were later charged in Case No. 03-14359 and Case No. 05-1658. On or about July 19, 2005, a fifth amended affidavit of violation of community control was filed alleging one violation of condition 3 (changing residence without consent), three violations of condition 12 (failing to remain confined to approved residence), three violations of condition 11 (failure to report), and thirteen violations of condition 5 (commission of new offenses). (Exhibit 5).

On July 20, 2005, Judge Fleischer held a bifurcated violation of community control hearing. (Exhibit 6).[2] Mincy went to trial on the charges filed in Case No. 05-1658. During a lunch break and jury deliberations in the trial proceeding, the court heard testimony regarding the technical violations alleged in Case No. 03-22020. (Exhibit 6 at T 94-121; 302-316). After the jury returned guilty verdicts in Case No. 05-1658, the court found Mincy violated his community control as to conditions 5 and 11. (Exhibit 6 at T 340 – 341). The court then revoked community control and sentenced Mincy in Case No. 03-22020 to ten years in prison as a habitual felony offender, concurrent with the sentence imposed in Case No. 05-1658. (Exhibit 7).

---

[2] Respondent's Exhibit 6 consists of volume three and four of the record on appeal in consolidated cases 2D05-3944, 2D05-3945, and 2D05-3946. Pages 123-175 are missing from the transcript of the trial and revocation proceedings. However, this may be due to a misnumbering of the pages, because the transcript appears to be complete.

*Appeal of Revocation Judgment and Sentence*

Mincy pursued a direct appeal. The Office of the Attorney General received Mincy's initial brief on June 15, 2006. Mincy was represented on appeal by Special Assistant Public Defender Jean-Jacques A. Darius. The initial brief contained three issues:

ISSUE I

THE TRIAL COURT COMMITTED REVERSIBLE [ERROR] BY DENYING THE APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL

ISSUE II

THE EVIDENCE WAS INSUFFICIENT OR DOUBLE JEOPARDY PRECLUDED THE APPELLANT'S CONVICTIONS FOR DELIVERY OF COCAINE WITHIN 1000 FEET OF A CHURCH AND POSSESSION OF THE SAME COCAINE IN SINGLE EPISODE

ISSUE III

THE TRIAL COURT ERRED IN ITS SENTENCING OF THE APPELLANT FOR VIOLATION OF COMMUNITY CONTROL AND PROBATION IN CASES 03-22020 AND 03-14359

(Exhibit 8). The State filed its answer brief, arguing that no meritorious issue existed for appeal. (Exhibit 9). On February 14, 2007, the Second District Court of Appeal per curiam affirmed Mincy's judgment and sentence.[3] (Exhibit 10). *Mincy v. State*, 949 So.2d 207 (Fla. 2nd DCA 2007) [table]. The mandate issued on March 7, 2007. (Exhibit 11).

*Rule 3.850 Motion for Postconviction Relief*

On January 18, 2008, Mincy filed a pro se Rule 3.850 motion for postconviction relief. Mincy's sole claim was that he was denied effective assistance of counsel when he was misadvised of the maximum sentence (ten years as a habitual offender) he could receive if he

---

[3] The Appellate Court consolidated Case No. 2D05-3944, Case No. 2D05-3945, and Case No. 2D05-3946

violated the conditions of community control. (Exhibit 12). On December 5, 2008, the postconviction court denied the Rule 3.850 motion because it was untimely and without merit. (Exhibit 13). Mincy filed a motion for rehearing on January 14, 2009. (Exhibit 14). On February 3, 2009, the court denied the motion for rehearing. (Exhibit 15). Mincy appealed the orders denying Rule 3.850 relief and denying his motion for rehearing. (Exhibit 16). Neither party filed an appellate brief. On November 25, 2009, in Case No. 2D09-942, the appellate court per curiam affirmed the postconviction court's denial of relief. (Exhibit 17). *Mincy v. State*, 23 So. 3d 119 (Fla. 2d DCA 2009) [table]. The mandate issued December 23, 2009. (Exhibit 18).

## THE PRESENT PETITION

Mincy certifies that he signed the present §2254 petition and placed it in the prison mailing system on December 31, 2009. (Doc. 1). The petition was filed in the U.S. District Court, Middle District of Florida, on January 7, 2010. *Id.* The sole issue raised by Mincy is that the trial court violated his constitutional rights by denying his claim that counsel was ineffective for misadvising Mincy as to the maximum sentence (ten years as a habitual offender) he could receive if he violated the conditions of community control.

## THE PRESENT PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. "A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during

4

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244 (d)(2).

Mincy is challenging his plea of guilty for which he was sentenced by the circuit court on June 16, 2004. A state court judgment becomes final after thirty days if the defendant fails to file an appeal. *See Anton v. Sec'y Dep't of Corr.*, 2009 U.S. Dist. LEXIS 41847 (M.D. Fla., May 4, 2009) ("the judgment and sentence 'become final'... when any direct review proceedings have [been] concluded"); *See also* (Exhibit 2, pg. 48). Thus, the state court's judgment became final on July 16, 2004. Accordingly, to be timely Mincy had to file a 28 U.S.C. §2254 petition on or before July 16, 2005, absent any pending "properly filed application for State post-conviction" relief. 28 U.S.C. §2244 (d)(2).[4]

Mincy filed his motion for postconviction relief on January 18, 2008. Florida Rule of Criminal Procedure 3.850(b) requires that a motion for postconviction relief be filed within two years after the judgment and sentence become final. The postconviction court properly found Mincy's Rule 3.850 motion to be untimely because the motion was filed approximately one and one half years after the July 16, 2006 state deadline for filing the Rule 3.850 motion. Furthermore, Mincy's claim that counsel's wrongful advice as to the maximum sentence was newly discovered evidence during the July 20, 2005 proceeding is unpersuasive because the court informed Mincy of the ten year maximum sentence as a habitual offender during the June 14, 2004 original sentencing proceeding. (Exhibit 6 at T 31).

---

[4] The statute of limitations does not run from March 7, 2007, the date of the mandate for Mincy's revocation of community control and sentencing appeal, because the sole issue raised in Mincy's §2254 petition relates back to the original judgment and sentence issued on June 16, 2004 that Mincy did not appeal.

5

The AEDPA required one year limitation period for federal petitions was not tolled because the application for state postconviction review was untimely and therefore not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of 2244(d)(2)"). As such, Mincy's §2254 petition for writ of habeas corpus, executed on December 31, 2009, is time-barred because he did not file the petition on or before July 16, 2005.

## MERITS

### *Standard of Review*

Under 28 U.S.C. §2254 (d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state court's resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable," Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### *Ineffective Assistance of Counsel Claim*

The right to counsel provision of the Sixth Amendment provides the accused the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a

6

Petitioner to demonstrate "that the counsel's performance was deficient" and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." It is presumed that a "lawyer is competent to provide the guiding hand that the defendant needs." *United States v. Cronic*, 466 U.S. 648, 658 (1984). Thus, "the burden rests on the accused to demonstrate a constitutional violation." *Id.* A defendant is required to prove both prongs of the *Strickland* test. *Id.* at 697. If a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The *Strickland* test is applicable "to ineffective assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To succeed in this claim, "a petitioner must prove "serious derelictions on the part of counsel sufficient to show that the plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985). The first prong requires the petitioner to show that his plea was not voluntary because he received advice from counsel that "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The second prong requires the petitioner to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Mincy argues that counsel was ineffective in assisting him during the plea process because counsel misadvised him as to the maximum sentence (ten years as a habitual offender) he could receive for violating conditions of community control.[5] (Doc.1). Mincy claims that counsel led him to believe that he would receive a maximum sentence of five years and had he known the maximum was ten years, he would not have pled guilty. (Exhibit 10). Mincy's claim lacks merit because there is no evidence that he was prejudiced by the alleged ineffective

---

[5] The state court found this argument to be both untimely and without merit.

7

assistance of counsel. The trial court advised Mincy that he faced a maximum sentence of ten years and Mincy indicated that he understood the court's instructions:

> THE COURT: But you are pleading guilty in your best interest to this charge of child abuse. That's punishable by up to five years in Florida State Prison straight time, 10 years as a habitual felony offender, you understand that?
>
> THE DEFENDANT: Yes, ma'am.

(Exhibit 6 at T 31). The trial court properly advised Mincy as to the maximum penalty he could face as a habitual felony offender. In light of this information, Mincy proceeded to plead guilty. "When a 'trial judge clearly explained the potential maximum sentence,' a defendant cannot be prejudiced by counsel's allegedly erroneous advice." *Pliego-Duarte v. United* States, 2010 U.S. Dist. LEXIS 3055 (N.D. Ga., Jan. 13, 2010) (citing *Matthews v. United* States, 114 F.3d 112, 114 (8th Cir. 1997)). The record indicates that Mincy understood the potential maximum sentence explained to him by the court. There is no reasonable probability that had it not been for counsel's alleged error, Mincy would not have pled guilty. Thus, even if counsel's advice was erroneous or misadvised, Mincy was not prejudiced. The postconviction court properly applied the same *Strickland* analysis in their denial of Mincy's motion. Mincy's claim is without merit.

Accordingly, it is **ORDERED** that Mincy's 28 U.S.C. §2254 motion for writ of habeas corpus is **DENIED**. The clerk is directed to enter judgment against Mincy in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitoner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate

of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2/ day of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.